**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CHRISTOPHER M. MILES,**

    **Plaintiff,**

**vs.**                       **CASE NO. 4:24-CV-00026-MW-MAF**

**TALLAHASSEE POLICE DEP'T.
et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, Christopher Miles, a pretrial detainee currently housed at Florida State Hospital (FSH) and proceeding *pro se*, filed a civil rights complaint and amended complaint, simultaneously, pursuant to 42 U.S.C. § 1983. ECF Nos. 1, 3. Plaintiff did not pay the requisite filing fee and did not file an application to proceed in *forma pauperis* (IFP).

The Court conducted an initial screening of the amended complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and found it legally insufficient.[1] ECF No. 4. The Court issued an Order advising Plaintiff to file a second amended complaint and to either complete an IFP application or

---

[1] Although both complaints are identical except for the title, the amended complaint is the operative complaint in this case. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) (generally, an amended complaint supersedes the original complaint).

pay the $405 filling fee by March 11, 2024. Id.  The Court extended this deadline to **March 18, 2024**, to afford Plaintiff a full opportunity to comply with the Court's order. ECF No. 6. As of the drafting of this Report, Plaintiff failed to comply with the court's orders. Thus, it is recommended that the amended complaint be dismissed and that the case be closed.

**I.   Standard of Review**

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).  A brief discussion of the procedural history is warranted.

## II.    Plaintiff's Amended Complaint, ECF No. 3.

Plaintiff sued the Tallahassee Police Department (TPD), Café Shisha ("owners"), and Leon County Jail, all in their official capacities. ECF No. 3, pp. 1-3. Plaintiff alleges he was attacked by the owners of Café' Shisha and their friends. Id., p. 5. Allegedly, the owners of Café' Shisha pushed Plaintiff outside when his "card [was] declined"; however, Plaintiff does not state

when the altercation occurred. Id.

According to Plaintiff, two TPD officers "picked [Plaintiff] up" and "choked" him outside the "Club Dong Club." Id. Plaintiff claims he "blacked out" and could not breathe. Id. The officers allowed the owners of Café' Shisha to step on his hands when he was sitting in front of the club. Id. Plaintiff maintains that he was falsely arrested and beaten by the two officers—specifically, "one who was black and white in color skin color" and "[t]he other was African American." Id., pp. 5-6. Plaintiff also claims that Leon County Jail "held [him] captive" for "3-12 days" after the false arrest. Id., p. 6.

Plaintiff does not allege any physical injuries that required medical attention. Plaintiff claims the officers used excessive force; and the café owners committed assault and battery. Id., p. 7. As relief, Plaintiff seeks $50,000,000 from the TPD for excessive force and "police brutality"; $5,000,000 from the owners of Café Shisha for assault, battery, and "allowing" the TPD to "almost . . . kill [him]"; and $10,000,000 from Leon County Jail for illegal detention for "3-10 days." Id.

The Court issued two Orders directing Plaintiff to (1) amend his complaint and (2) either complete an IFP application or pay the $405 filling fee. ECF Nos. 4 and 6. The Court also advised Plaintiff that his case would not proceed. Id. Then, Plaintiff submitted an improper filing that requested

an extension of time to pay the filing fee or complete an IFP application. ECF No. 5. The Court struck the pleading for failure to comply with the Rules governing federal cases.[2]

## III. Discussion

Plaintiff had ample opportunity to amend his complaint and either file an IFP application or pay the filing fee, but he did not do so.

### A. Plaintiff Did Not File an IFP Motion and Did Not Pay the Filing Fee

"A party who files . . . a civil case must simultaneously either pay any fee required . . . or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. The IFP motion must be supported by copies of Plaintiff's inmate account statement for the six (6) month period immediately preceding the filing of the complaint.

The Clerk of Court provided Plaintiff with the proper forms. ECF No. 4. The Court directed Plaintiff to either complete the IFP application and submit the supporting inmate account statements or pay the $405 filing fee. Id., pp. 5-6. The Court advised Plaintiff that his case would not proceed without a proper IFP application or payment of the fee. Id. Plaintiff did not comply—

---

[2] This Court struck similar fillings by Plaintiff, in other cases, for similar reasons. See, for example, Case No. 4:23-cv-00531-AW-MAF, Miles v. Davis, ECF No. 12.

the only thing he filed was a motion which did not comply with the Rules. ECF No. 6.

B. Failure to Follow Court Orders

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing And Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are *ignored*, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)). Emphasis added.

As previously stated, Plaintiff had until **March 18, 2024**, to comply but has not done so. First, the Court instructed Plaintiff to amend his complaint and either submit an IFP application or pay the filling fee by March 11, 2024. ECF No. 4. Even though the Court struck Plaintiff's next filing, the Court, *sua sponte*, extended the deadline to March 18, 2024. ECF No. 6. The Court

repeatedly reminded Plaintiff of his deadline to comply in this case and his other cases.³ Such defiance to this Court's orders needs not be tolerated. As such, dismissal is appropriate.

IV. **Conclusion and Recommendation**

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint be **DISMISSED** for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

**DONE AND ORDERED** this 26th day of March 2024.

                               s/ Martin A. Fitzpatrick
                               **MARTIN A. FITZPATRICK**
                               **UNITED STATES MAGISTRATE JUDGE**

---

³ Notably, the Court also provided Plaintiff with advisements on the proper course of proceeding in federal cases. See Miles v. Patent Professors, 4:23-CV-00534-AW-MAF (Report recommending dismissal for failure to state a claim because the complaint failed to comply with court orders pursuant to the Local Rules and Fed. R. Civ. P. 41(b)).

Case No.  4:24-CV-00026-MW-MAF

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).